**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LESTER CRANDALL,**

                              **Plaintiff,**              **No. 07-cv-1167**
                                                          **(GLS-DRH)**

                    **v.**

**ALBERTO DAVID and MICHAEL**
**J. MARTUSCELLO,**

                              **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lester Crandall
*Pro Se*
06-B-0858
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

**FOR THE DEFENDANTS:**
**ALBERTO DAVID**
HON. ANDREW M. CUOMO          CHARLES J. QUACKENBUSH, ESQ.
New York Attorney General
The Capitol
Albany, New York 12224

**MICHAEL J. MARTUSCELLO**
Girvin, Ferlazzo Law Firm          GREGG T. JOHNSON, ESQ.
20 Corporate Woods Boulevard       SCOTT P. QUESNEL, ESQ.
Second Floor
Albany, New York 12211

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Lester Crandall, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging injuries stemming from the Amsterdam police department's seizure of his Ford F-150 pickup truck. Pending is defendant Alberto David's motion to dismiss for lack of subject matter jurisdiction.

### II. Facts

According to the Complaint, on November 24, 2004, New York State Police Investigator Alberto David and several members of the Amsterdam police department seized Crandall's truck and its contents during the course of an investigation into an alleged drug sale. The contents of the truck included "a sleeping bag containing jewelry, a lap top computer, discs, audio tapes, securities and other valuable property and evidence in impending actions at law." (Complaint at ¶ 9; Dkt. No. 1.) The computer, in turn, contained intellectual property, medical and financial records, civil actions that Crandall planned to launch against the Amsterdam police

department, and a book manuscript.  (*Id.* at ¶¶ 30, 33.)  Despite his efforts, Crandall has been unable to recover the sleeping bag and its contents from the police.  The instant Complaint ensued.  Crandall asserts claims of negligence, conversion, unjust enrichment, and violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments.  (*See id.* at ¶¶ 35-52.)

Crandall is currently incarcerated in the Bare Hill Correctional Facility, serving a sentence for his conviction for possession and sale of a controlled substance in the third degree.  Crandall's conviction was affirmed on appeal in a decision which the parties refer to as "*Crandall I.*" *See People v. Crandall,* 830 N.Y.S.2d 867 (N.Y. App. Div. 2007).  Prior to the commencement of this case, the Montgomery County District Attorney obtained a judgment of forfeiture in state court with respect to Crandall's pickup truck.[1]  The complaint in the forfeiture action – which the parties refer to as "*Crandall II*" – alleged that Crandall committed the offenses for which he is currently incarcerated while occupying the pickup truck, thus making the truck an instrumentality of his crime.  The state court agreed, and ordered the forfeiture of the pickup truck.

――――――――――――――――――

[1]The pleadings and the Decision and Order in the forfeiture proceeding are attached, collectively, as Appendix A to the Quackenbush Declaration.  (Dkt. No. 21.)

Two additional related cases merit note.  Crandall has filed a civil rights complaint in state Supreme Court arising out of the same nucleus of facts as this case.[2]  Named as defendants in the state court action – which the parties refer to as "*Crandall III*" – are the City of Amsterdam, the Amsterdam Police Department and three of its detectives, and Shireen Cabral, who is alleged to have provided the police with the keys to Crandall's truck.  Additionally, Crandall has filed a petition pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for possession and sale of a controlled substance in the third degree.  *See Crandall v. Jubert,* No. 07-cv-0891 (N.D.N.Y.).  In addition to opposing David's pending motion to dismiss, Crandall seeks consolidation of the instant case with these two "related" cases.

### III. **DISCUSSION**

**A.** **Jurisdiction**

David urges dismissal for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine – which takes its name from the only two Supreme Court cases that have

---

[2]The complaint in the state court action is attached as Appendix B to the Quackenbush Declaration.  (Dkt. No. 21.)

applied it[3] – bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  The doctrine is based on the "principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005).  For a case to warrant dismissal under *Rooker-Feldman,* four criteria must be met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced – i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock,* 422 F.3d at 85 (internal markings and quotations omitted).

The application of these four factors to *Crandall I* is fairly straightforward.  Indeed, the court need only consider the second of the four factors in order to conclude that the state-court judgment in *Crandall I*

_____

[3]*See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

does not operate to deprive this court of jurisdiction.  Contrary to David's

contention, Crandall does not complain of injuries caused by *Crandall I.*

As David notes, the primary "injury" resulting from that judgment was the

affirmance of Crandall's felony conviction.  Plainly, this is not the injury that

Crandall complains of here.  Rather, he complains of the loss of his

property.  It is of no moment (for purposes of *Rooker-Feldman*) that the

Appellate Division in *Crandall I* rejected Crandall's contention that the

police misplaced or destroyed his property.  The *Rooker-Feldman* doctrine

is not a preclusion doctrine.  *See Hoblock,* 422 F.3d at 85 ("*Exxon Mobil*

teaches that *Rooker-Feldman* and preclusion are entirely separate

doctrines.").  Thus, "a plaintiff who seeks in federal court a result opposed

to the one he achieved in state court does not, for that reason alone, run

afoul of *Rooker-Feldman.*"  *Id.* at 87.  Here, it may turn out that some

relevant – or even dispositive – issues have already been resolved in

*Crandall I.*  This does not, however, warrant application of *Rooker-*

*Feldman.*

       Whether *Crandall II* triggers the application of *Rooker-Feldman* is a

more difficult question.  In *Crandall II,* the court ordered the forfeiture of

Crandall's truck.  But a close look at the pleadings in this case reveals that

6

Crandall complains about more than just the court-ordered forfeiture of his truck.  First, his primary complaint appears to be that the *contents* of the truck were taken.  (*See, e.g.,* Complaint at ¶¶ 36 & 39.)  There is nothing in the judgment of forfeiture addressing this deprivation.  Moreover, even to the extent that Crandall complains that the truck itself was taken, (*see, e.g.,* Complaint at ¶¶ 41 & 46), the seizure occurred long before the judgment of forfeiture.  Accordingly, the judgment of forfeiture is best viewed as having ratified (as opposed to having caused) the earlier deprivation of which Crandall complains.  A state court's ratification of, or acquiescence in, a pre-existing state of affairs does not generally give rise to a judgment-derived injury for purposes of the application of *Rooker-Feldman.  See McKithen v. Brown,* 481 F.3d 89, 98 (2d Cir. 2007) ("[A] party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed *prior* in time to the state-court proceedings, and so could not have been 'caused by' those proceedings.") (emphasis in original); *Hoblock,* 422 F.3d at 88 (noting the distinction between an injury produced by a state-court judgment, and an injury which is "simply ratified, acquiesced in, or left unpunished by" the judgment).

7

To be sure, to the extent that Crandall complains of his loss of title to the pickup truck, such complaint is barred by the *Rooker-Feldman* doctrine. With respect to such a claim, all four requirements of the *Hoblock* test are met: Crandall lost in the state-court forfeiture proceeding in *Crandall II*, the injury complained of (loss of title) was directly caused by the judgment in *Crandall II,* Crandall invites review and rejection of that judgment, and the judgment was rendered prior to the commencement of the instant case. However, as noted above, the allegations in the instant Complaint go beyond the mere extinguishment of title in the truck. In addition to complaining of the loss of title to the truck, Crandall complains of the initial seizure of the truck, as well as the spoliation and/or loss of the *contents* of the truck. For the reasons discussed above, these claims are not barred by *Rooker-Feldman*.[4]

## B.   <u>Abstention</u>

As an alternative to his *Rooker-Feldman* argument, David urges the court to abstain on the basis of the principles set forth in *Younger v. Harris,* 401 U.S. 37 (1971). Under *Younger,* federal courts are generally required

---

[4]The parties have not endeavored to dissect the nature of the various claims in Crandall's Complaint. Thus, the court is not prepared to say which of the numbered claims survive and which are dismissed. However, the parties' future treatment of the claims should be guided by this opinion.

8

to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002).[5]  However, *Younger* abstention principles are inapplicable to suits for money damages under 42 U.S.C. § 1983.  *See Rivers v. McLeod,* 252 F.3d 99, 101-02 (2d Cir. 2001); *Kirschner v. Klemons,* 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, because Crandall seeks money damages, and not injunctive or declaratory relief, abstention is not warranted here.

## C.    Cross Motion to Consolidate

Crandall has cross-moved for consolidation of this case with the pending state-court civil rights action, *Crandall III,* and with his pending habeas corpus petition.  However, he cites no authority under which the court could order such consolidation.  Accordingly, Crandall's cross-motion is denied.

## D.    Appointment of Counsel

Crandall has requested that counsel be appointed pursuant to 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an

---

[5]The "ongoing state proceeding" referenced in David's papers is *Crandall III,* the pending state-court civil rights action which arises out of the same general facts as this case.

attorney to represent any person unable to afford counsel."  Second Circuit

precedent dictates that in evaluating such a request, the court is to apply a

two part standard.  First, the court must determine "whether the indigent's

position seems likely to be of substance."  *See Ferrelli v. River Manor*

*Health Care Ctr.,* 323 F.3d 196, 203 (2d Cir. 2003) (citing *Hodge v. Police*

*Officers,* 802 F.2d 58, 60-61 (2d Cir. 1986)).  Second, if this threshold

requirement is met, the court should then consider:

> . . . the indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented . . ., the indigent's ability to
> present the case, the complexity of the legal issues and any
> special reason . . . why appointment of counsel would be more
> likely to lead to a just determination.

*Id.*

Here, the court need only consider the first of the two requirements

because it does not appear that Crandall's position is "likely to be of

substance."  It is likely that a number of Crandall's claims will be defeated

by the application of preclusion doctrine.  Furthermore, as to the loss of his

computer and the contents of the pickup truck, the court is hard-pressed to

see, without further explication, how Crandall has stated a constitutional

claim.  Instead, he appears to have stated, at best, common-law claims for

negligence, unjust enrichment, and/or conversion.  The court is unlikely to retain supplemental jurisdiction over these common law claims in the event the constitutional claims are dismissed.  The court does not go so far as to say that the constitutional claims are frivolous.  However, Crandall's likelihood of success on these claims is slim.  *See Ferrelli,* 323 F.3d at 204 (noting that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim") (quoting *Hodge,* 802 F.2d at 60).

Moreover, even if the court were to determine that Crandall's position is likely to be of substance, the appointment of counsel would not be warranted at this stage of the case.  Crandall has demonstrated an ability to present his case, at least at the motion to dismiss stage.  Additionally, he has demonstrated a grasp of the legal issues involved.  Indeed, his successful opposition to the plaintiff's motion to dismiss is at least some evidence of his understanding of, and ability to present, his case.

Accordingly, for the above-stated reasons, Crandall's request for the appointment of counsel is denied at this time.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that David's motion to dismiss (Dkt. No. 21) is DENIED;

11

and it is further

    **ORDERED** that Crandall's cross-motion to consolidate (Dkt. No. 26)

is DENIED; and it is further

    **ORDERED** that Crandall's request for the appointment of counsel is

DENIED at this time.

    **IT IS SO ORDERED.**

Albany, New York
Dated: July 16, 2008

Gary L. Sharpe
U.S. District Judge

12