**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LESTER CRANDALL,**

              **Plaintiff,**                  **No. 07-cv-1167
                                                           (GLS-DRH)**

              **v.**

**ALBERTO DAVID and MICHAEL
J. MARTUSCELLO,**

              **Defendants.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lester Crandall
*Pro Se*
06-B-0858
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

**FOR THE DEFENDANTS:
ALBERTO DAVID**
HON. ANDREW M. CUOMO      CHARLES J. QUACKENBUSH
New York Attorney General        Assistant Attorney General
The Capitol
Albany, New York 12224

**MICHAEL J. MARTUSCELLO**
Lemire, Johnson Law Firm        GREGG T. JOHNSON, ESQ.
2534 Route 9
P.O. Box 2485
Malta, New York 12020

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Lester Crandall, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983[1] alleging injuries stemming from the Amsterdam police department's seizure of his Ford F-150 pickup truck and/or its contents. Pending is defendant Alberto David's motion to dismiss.[2] For the reasons that follow, the motion is denied.

## II. Facts

The facts surrounding the present litigation were fully addressed in this court's prior Memorandum-Decision & Order dated July 16, 2008, familiarity with which is assumed. *See Crandall v. David*, No. 07-CV-1167, 2008 WL 2783407 at *1 (N.D.N.Y. July 16, 2008). In brief, on November 24, 2004, New York State Police Investigator Alberto David and several members of the Amsterdam police department seized Crandall's truck and

---

[1] Crandall also asserts claims of negligence, conversion, unjust enrichment, and violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. (*See Compl.* at ¶¶ 35-52; Dkt. No. 1.)

[2] Defendant David did not file a reply.

2

its contents during the course of an investigation. The contents of the truck included " a lap top computer and other valuable property and evidence in impending actions at law." (*Compl*. at ¶9; Dkt. No. 1.) The computer, in turn, contained intellectual property, medical and financial records, civil actions that Crandall planned to bring against the Amsterdam police department, and a book manuscript. (*Id.* at ¶¶ 30, 33.) Despite his efforts, Crandall has been unable to recover the contents of his truck from the police.[3]

### III. DISCUSSION

**A.   Standard of review**

In deciding a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard as is used in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2

---

[3] Prior to the commencement of this case, a judgment of forfeiture in state court was obtained by the Montgomery District Attorney for Crandall's truck. S*ee* Quackenbush Declaration (Dkt. No. 30).

(N.D.N.Y. Sept. 8, 2008).

## B. Motion to dismiss

While the complaint and response to David's motion filed by Crandall are not models of clarity, at this juncture, David's motion is denied. On a motion to dismiss, the court must construe all reasonable inferences in Crandall's favor, as the non-moving party. As to the First Amendment claim, Crandall alleges that David took part in "spoliating" a laptop computer which contained electronic documents pertaining to civil litigation. David contends that Crandall's first amendment claim is deficient in two ways. First, he contends that Crandall has not specifically alleged that David had knowledge or a desire to impede his litigation. Second, David contends that the only lawsuit mentioned in the complaint involves the forfeiture proceeding brought by Montgomery County District Attorney which was litigated to final judgment.

In regard to Crandall's due process[4] claims, David contends that Crandall presents only conclusory references to procedural and substantive due process violations. He further notes that Crandall has

---

[4] David references a copy of a complaint filed, in state court, featuring "the same transactions, claims and issues as those presented here, albeit in modified format," as attached to AAG Quackenbush's Declaration, however, the referenced document is not attached. *See* David's Mot. P. 6 fn 6. (Dkt. No. 29.).

failed to develop either theory.  Moreover, David contends that he lacks personal involvement in the seizure and/or processing of Crandall's property which has been lost.  While these argument may well prove to be dispositive in the future, on a motion to dismiss, the complaint sufficiently provides David with notice regarding Crandall's contentions against him.  Accordingly, David's motion is denied in all respects.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that David's motion to dismiss (Dkt. No. 29) is DENIED; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

**Albany, New York**
**Dated: March 2, 2009**

_/s/ Gary L. Sharpe_
United States District Court Judge