**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LESTER CRANDALL,**

    **Plaintiff,**    **8:07-cv-1167
              (GLS/DRH)**

  **v.**

**ALBERTO DAVID,**

    **Defendant.**
_____

**APPEARANCES:**    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lester Crandall
Pro Se
06-B-0858
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

**FOR THE DEFENDANT:**
HON. ANDREW M. CUOMO  CHARLES J. QUACKENBUSH, ESQ.
New York State
Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

  Pro se plaintiff Lester Crandall brings this action pursuant to 42

U.S.C. § 1983.  Pending are defendant David's motion for summary judgment and Crandall's cross-motion for Rule 37 sanctions and appointment of counsel.  For the reasons that follow, David's motion is granted, Crandall's motions are denied in all respects, and the case is dismissed.

## II.  Facts[1]

Crandall's conviction is based upon his August 5, 2004 drug sale to a civilian informant, under the observation of police, in Amsterdam, New York.  (Def. SMF ¶ 3, Dkt. No. 45.)  Crandall was not taken into custody on August 5.  (*See id.* at ¶ 4.)  On November 24, an arrest warrant was issued against Crandall for the August drug sale.  (*See id.*)  That same day, Amsterdam Police Officers, accompanied by a private tow truck operator, towed Crandall's Ford pickup truck to the Amsterdam Police Station.  *(See id.* at ¶ 5.)  On December 30, Amsterdam Police officers transported Crandall's truck to the New York State Police CNET facility, where David logged the truck for storage in the lot.  *(See id.* at ¶ 8.)

## III.  Disussion

---

[1] Only the facts relevant to the current motion are discussed.  For a full recitation of the facts, see the court's previous Order.  (*See* Dkt. No. 43.)

### A. Standard of Review

The standard for the grant of summary judgment is well established, and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp.2d 192, 194-95 (N.D.N.Y. 2007).

### B. Personal Involvement

Personal involvement of a defendant in an alleged constitutional deprivation is "a prerequisite to an award of damages under § 1983." *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir.1986) (internal quotations and citation omitted). A supervisory official is liable for constitutional violations only if he: "(1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation." *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (citing *Williams*, 781 F.2d at 323-24). Furthermore, "a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Crandall contends that David was personally involved in violating his

constitutional rights.  Crandall points to the statement from his now-estranged daughter, Shireen Cabral, indicating that a "member" of CNET was present during the removal of his truck.  He also points out that David's name appears on documents recording storage of the truck in the CNET lot.  Crandall's allegations against David are insufficient.

Even if a CNET investigator participated in the removal of Crandall's pickup, David was not identified as the participant.  Although, David indicates that his daily activities report for November 2004 no longer exists to refresh his memory, he contends that he was not present or personally involved with the November 24, 2004 removal of Crandall's truck and seizure of his personal property.

On December 30, 2004, David logged the truck for storage at the New York State Police CNET facility.  The evidence demonstrates that other than this ministerial task, David was not involved in the removal of Crandall's truck and personal property.  Furthermore, the record fails to show David was responsible for activities carried out by the Amsterdam Police in the aftermath of the August 2004 drug sale investigation.  Accordingly, David is dismissed from this action for lack of personal involvement, and the complaint is dismissed.

4

## C.     Other Relief

Crandall has requested that counsel be appointed and sanctions be imposed. Since the court is dismissing the action in its entirety, Crandall's requests are denied.

## IV. Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that David's motion for summary judgment (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED** that Crandall's cross-motions for appointment of counsel and sanctions (Dkt. No. 48) are DENIED; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties; and it is further

**ORDERED** that the Clerk enter judgment and close the case.

**IT IS SO ORDERED**.

February 24, 2010
Albany, New York

*[signature]*
United States District Court Judge

5